# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| Lee A. Plummer | RE:<br>25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, ME 04106 |
| **Defendant**<br>Colonial Village of South Portland Condominium No. 1 Association by Foreside Real Estate Mangement, Inc., its Agent<br>Citibank Federal Savings Bank<br>Islandcap, LLC | Mortgage:<br>July 8, 2003<br>Book 19728, Page 165 |
| **Party-In-Interest** | |

### UPON INFORMATION AND BELIEF THIS PROPERTY IS VACANT

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Lee A. Plummer, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Lee A. Plummer, is the obligor and the total amount owed under the terms of the Note is Ninety-Three Thousand Eight Hundred Twenty-One and 16/100 ($93,821.16) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Lee A. Plummer, is a resident of San Diego, County of San Diego and State of California.

6. The Party-in-Interest, Citibank Federal Savings Bank, is located at 11800 Spectrum Center Drive, Reston, VA 22090.

7. The Party-in-Interest, Colonial Village of South Portland Condominium No. 1 Association by Foreside Real Estate Mangement, Inc., its Agent , is located at 202 U.S. 1 #206, Falmouth, ME 04105.

8. The Party-in-Interest, Islandcap, LLC, is located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## FACTS

9. On July 7, 2013, by virtue of a Warranty Deed from Richard Shriver, which is recorded in the Cumberland County Registry of Deeds in **Book 19723, Page 163**, the property situated at 25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, County of Cumberland, and State of Maine, was conveyed to Lee A. Plummer, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On July 8, 2003, Defendant, Lee A. Plummer, executed and delivered to Coastal Capital Corp. d/b/a CCAP Mortgage Corp. a certain Note under seal in the amount of $76,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on July 8, 2003, Defendant, Lee A. Plummer executed a Mortgage Deed in favor of Coastal Capital Corp. d/b/a CCAP Mortgage Corp., securing the property located at 25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, ME 04106 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 19728**, **Page 165**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Letom Management LLC by virtue of an Assignment of Mortgage dated March 10, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32246**, **Page 304**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Lost Assignment Affidavit dated February 8, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35558**, **Page 210**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated July 29, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35873**, **Page 341**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated October 2, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 36136**, **Page 247**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On February 12, 2020, the Defendant, Lee A. Plummer, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Lee A. Plummer, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

18. The Defendant, Lee A. Plummer, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. Citibank Federal Savings Bank is a Party-in-Interest pursuant to a Mortgage in the amount of $13,100.00 dated March 31, 2004, and recorded in the Cumberland County Registry of Deeds in **Book 21170**, **Page 210** and is in second position behind Plaintiff's Mortgage.

23. IslandCap, LLC is a Party-in-Interest pursuant to a Mortgage in favor of E*Trade Bank, in the amount of $51,500.00, dated September 1, 2006, and recorded in the Cumberland County Registry of Deeds in Book 24388, Page 269 and is in third position behind Plaintiff's Mortgage.

24. The Junior Lien was assigned to Gulf Harbour Investments Corporation by virtue of a Junior Assignment dated October 31, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 35265**, **Page 164**.

25. The Junior Lien was assigned to Islandcap LLC by virtue of a Junior Assignment dated November 26, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 35593**, **Page 282**.

26. Colonial Village of South Portland Condominium No. 1 Association by Foreside Real Estate Mangement, Inc., its Agent is a Party-in-Interest pursuant to a Lien in the amount of

$2,941.86 dated April 6, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32199**, **Page 293** and is in fourth position behind Plaintiff's Mortgage.

27. The total debt owed under the Note and Mortgage as of April 10, 2020 is Ninety-Three Thousand Eight Hundred Twenty-One and 16/100 ($93,821.16) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $61,452.59 |
| Interest | $20,286.31 |
| Escrow/Impound Required | $8,853.09 |
| Late Fees | $1,841.41 |
| Total Advances | $1,387.76 |
| Grand Total | $93,821.16 |

28. Upon information and belief, the Defendant, Lee A. Plummer, is not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

33. The Defendant, Lee A. Plummer, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

34. The total debt owed under the Note and Mortgage as of April 10, 2020 is Ninety-Three Thousand Eight Hundred Twenty-One and 16/100 ($93,821.16) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $61,452.59 |
| Interest | $20,286.31 |
| Escrow/Impound Required | $8,853.09 |
| Late Fees | $1,841.41 |
| Total Advances | $1,387.76 |
| Grand Total | $93,821.16 |

35. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendant, Lee A. Plummer's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

37. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Lee A. Plummer, on February 12, 2020, evidenced by the Certificate of Mailing. *See* Exhibit H.

38. The Defendant, Lee A. Plummer, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On July 8, 2003, the Defendant, Lee A. Plummer, executed under seal and delivered to Coastal Capital Corp. d/b/a CCAP Mortgage Corp. a certain Note in the amount of $76,000.00.  *See* Exhibit B.

41. The Defendant, Lee A. Plummer, is in default for failure to properly tender the December 1, 2013 payment and all subsequent payments.  *See* Exhibit H.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Lee A. Plummer.

43. The Defendant, Lee A. Plummer, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

44. The Defendant Lee A. Plummer's breach is knowing, willful, and continuing.

45. The Defendant Lee A. Plummer's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of April 10, 2020, if no payments are made, is Ninety-Three Thousand Eight Hundred Twenty-One and 16/100 ($93,821.16) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $61,452.59 |
| Interest | $20,286.31 |
| Escrow/Impound Required | $8,853.09 |
| Late Fees | $1,841.41 |
| Total Advances | $1,387.76 |
| Grand Total | $93,821.16 |

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

### COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendant, Lee A. Plummer, entered into a written contract with Coastal Capital Corp. d/b/a CCAP Mortgage Corp. who agreed to loan the amount of $76,000.00 to the Defendant. *See* Exhibit B.

50. As part of this contract and transaction, the Defendant, Lee A. Plummer, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Coastal Capital Corp. d/b/a CCAP Mortgage Corp., and has performed its obligations under the Note and Mortgage.

52. The Defendant, Lee A. Plummer, breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2013 payment and all subsequent payments. *See* Exhibit _.

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Lee A. Plummer.

54. The Defendant, Lee A. Plummer, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

55. The Defendant, Lee A. Plummer, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Ninety-Three Thousand Eight Hundred Twenty-One and 16/100 ($93,821.16) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

56. Defendant Lee A. Plummer's breach is knowing, willful, and continuing.

57. Defendant Lee A. Plummer's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of April 10, 2020, if no payments are made, is Ninety-Three Thousand Eight Hundred Twenty-One and 16/100 ($93,821.16) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $61,452.59 |
| Interest | $20,286.31 |
| Escrow/Impound Required | $8,853.09 |
| Late Fees | $1,841.41 |
| Total Advances | $1,387.76 |
| Grand Total | $93,821.16 |

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

60. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Coastal Capital Corp. d/b/a CCAP Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Lee A. Plummer, $76,000.00.  *See* Exhibit B.

62. The Defendant, Lee A. Plummer, is in default for failure to properly tender the December 1, 2013 payment and all subsequent payments.  *See* Exhibit H.

63. As a result of the Defendant Lee A. Plummer's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

64. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V – UNJUST ENRICHMENT

65. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. Coastal Capital Corp. d/b/a CCAP Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Lee A. Plummer, $76,000.00.  *See* Exhibit B.

67. The Defendant, Lee A. Plummer, has failed to repay the loan obligation.

68. As a result, the Defendant, Lee A. Plummer, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Coastal Capital Corp. d/b/a CCAP Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

COUNT VI – EQUITABLE MORTGAGE

70. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraph 1 through 69 as if fully set forth herein.

71. The intent of Defendant, Lee A. Plummer, and the original lender, Coastal Capital Corp. d/b/a CCAP Mortgage Corp. on July 8, 2003, was to create a mortgage on the property commonly known as and numbered as 25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, ME 04106.

72. This intent is shown by the execution of a Promissory Note dated July 8, 2003 to Coastal Capital Corp. d/b/a CCAP Mortgage Corp., in the amount of $76,000.00.

73. The value given at the time of the transaction was $76,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendant, Lee A. Plummer, and Coastal Capital Corp. d/b/a CCAP Mortgage Corp. on the date of the transaction, July 8, 2003, that a mortgage be granted on the subject property.

74. The aforesaid Promissory Note specifically references 25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, ME 04106 as the "Property Address".

75. In addition to the aforesaid Promissory Note, Defendant, Lee A. Plummer, also executed a Mortgage on July 8, 2003, which particularly referenced exactly the same property address of

25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, ME 04106, which was referenced on the aforesaid Promissory Note.

76. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al.  *See, Bank of America, N.A. v. Greenlea*f, 2014 ME 89, 96 A.3d 700 (Me. 2014; *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me 2017; *Pushard v. Bank of America N.A.*, 175 A.3d 103, 2017 ME 230 (Me. 2017).

77. This defect is not related to the original execution of the documents, nor the intent of the Defendant, Lee A. Plummer, or Coastal Capital Corp. d/b/a CCAP Mortgage Corp., but is due to the chain of title for the aforesaid mortgage under Greenleaf and 33 M.R.S. § 508.

78. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny: *see, Deschaine*, Fn 2, Fn 4, *Pushard*;Fn 14.

79. It was the intent of Defendant, Lee A. Plummer, and Coastal Capital Corp. d/b/a CCAP Mortgage Corp., at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

80. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the owner and holder of the subject Promissory Note.

81. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

82. Equity requires that "what ought to have been done has been done".  *See, Smith v. Diplo*ck, 127 Me. 452, 144 A.383, 386 (Me 1929).

83. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs".  *See, Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

84. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

85. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

86. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Lee A. Plummer, is in breach of the Note by failing to make payment due as of December 1, 2013, and all subsequent payments;

d) Find that the Defendant, Lee A. Plummer, is in breach of the Mortgage by failing to make payment due as of December 1, 2013, and all subsequent payments;

e) Find that the Defendant, Lee A. Plummer, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Lee A. Plummer, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2013 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Lee A. Plummer has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Lee A. Plummer, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Lee A. Plummer, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Lee A. Plummer, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Lee A. Plummer, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Lee A. Plummer;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Lee A. Plummer, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Ninety-Three Thousand Eight Hundred Twenty-One and 16/100 ($93,821.16 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Find that it was the intent of the Defendant, Lee A. Plummer, and the original lender Coastal Capital Corp. d/b/a CCAP Mortgage Corp. on July 8, 2003 to create a mortgage on the property commonly known as and numbered as 25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, ME 04106;

r) Impose an equitable mortgage upon the property commonly known as and numbered as 25 Minott Street, Unit No. 9, Colonial Village of South Portland Condominium, South Portland, ME 04106 for the benefit of the Plaintiff who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

s) For such other and further relief as this Honorable Court deems just and equitable.

                        Respectfully Submitted,
                        U.S. Bank Trust, N.A., as Trustee for LSF9
                        Master Participation Trust,
                        By its attorneys,

Dated:  May 13, 2020

                        <u>/s/ John A. Doonan, Esq.</u>
                        <u>/s/ Reneau J. Longoria, Esq.</u>
                        John A. Doonan, Esq., Bar No. 3250
                        Reneau J. Longoria, Esq., Bar No. 5746
                        Attorneys for Plaintiff
                        Doonan, Graves & Longoria, LLC
                        100 Cummings Center, Suite 225D
                        Beverly, MA 01915
                        (978) 921-2670
                        JAD@dgandl.com
                        RJL@dgandl.com