UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., as TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>      *Plaintiff*<br>v.<br><br>LEE A. PLUMMER,<br><br>      *Defendant* | No. 2:20-cv-00171-DBH |

*MEMORANDUM DECISION AND ORDER ON MOTION*
*FOR SERVICE BY PUBLICATION*

The plaintiff in this mortgage foreclosure action, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank Trust"), seeks to serve defendant Lee A. Plummer by publication. *See* Motion for Alternate Service via Publication Upon Defendant, Lee A. Plummer ("Motion") (ECF No. 16). Because I conclude that U.S. Bank Trust has left avenues unexhausted and has also failed to supply the requisite proposed order, I deny the Motion without prejudice.

**I. Applicable Legal Standards**

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process[.]" *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished "by following state law for serving a summons in an action brought in courts of general jurisdiction

1

in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method[.]" Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (i) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute[,]" (ii) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process[,]" and (iii) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628. As such, it stated, "service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.*

## II. Background

On May 13, 2020, U.S. Bank Trust filed a complaint seeking to foreclose on a property located at 25 Minott Street, Unit No. 9, in South Portland, Maine (the "Property") for alleged breach of a mortgage and note owned by U.S. Bank Trust. Complaint (ECF No. 1) ¶¶ 30-31. Prior to the filing of the complaint, a Notice of Mortgagor's Right to Cure was returned to U.S. Bank

Trust as undeliverable to Plummer at the Property, and counsel for U.S. Bank Trust thereafter determined that the Property was vacant. Affidavit in Support of Motion for Alternate Service via Publication Upon Defendant, Lee A. Plummer ("Affidavit") (ECF No. 16-1), attached to Motion, ¶¶ 3-5.

On May 16, May 19, and May 22, 2020, Nationwide Court Services, Inc. ("Nationwide") attempted to serve Plummer at R.K. Hostel, 642 West Hawthorn Street, San Diego, California. Affidavit ¶¶ 7-8; [Nationwide] Affidavit of Service ("Nationwide Aff."), Exh. C (ECF No. 16-5) thereto. These efforts proved unsuccessful, and Nationwide was informed upon its last attempt at R.K. Hostel that Plummer was "unknown" to the hostel employee. Affidavit ¶ 8; Nationwide Aff. On July 1, 2020, counsel for U.S. Bank Trust sent an acceptance of service package to Plummer at the 642 West Hawthorn Street address, which UPS tracking information indicated was delivered to that address on July 7, 2020. Affidavit ¶¶ 9-10.

Counsel for U.S. Bank Trust conducted additional electronic searches, including "LexisNexis Accurint/RISK Person Investigations, PACER, Vehicle Investigations, Google searches, probate searches, [a] ME Probationer/Prisoner search, registry of deed searches in Cumberland County, and Whitepages searches[,]" which disclosed a possible telephone number for Plummer. *Id*. ¶¶ 11-12. Counsel called the telephone number on July 31, 2020, and a woman who answered stated that Plummer did not reside there, had been missing for years, and could not be located after his father died. *Id*. ¶13. The woman would not give her name and asked to receive no more telephone calls regarding Plummer. *Id*.

On October 14, 2020, counsel retained a private investigator who made unsuccessful attempts to locate Plummer, including searching online databases and social media, visiting the Property, where he spoke to a neighbor, and placing calls to Plummer's relatives, which were not

3

returned. *Id*. ¶ 14; Affidavit of Due Diligence [by Michael Brophy] ("Brophy Aff."), Exh. G (ECF No. 16-9) thereto, ¶ 4.

Electronic searches by either or both counsel and the private investigator also suggested a possible address for Plummer of 1104 4 Kuhio Highway, Kapaa, Hawaii, in Kauai County. Affidavit ¶ 11; Brophy Aff. ¶ 4(b). On December 7, 2020, Nationwide attempted to serve Plummer at 1104 4 Kuhio Highway, Kapaa, Hawaii, and discovered that the address was a "shipping center" with "private mailboxes." Affidavit ¶¶ 15-17. Nationwide reported that an employee of the shipping center said that she knew Lee Plummer but could not provide any information on mailbox holders. *Id*. ¶ 16.

An additional LexisNexis Accurint/RISK search revealed that Wilcox Hospital in Lihue, Hawaii, "about 11 minutes from [the] shipping center[,]" potentially was Plummer's employer. *Id*. ¶ 17. No additional recent addresses could be found for Plummer. *Id*. ¶ 18.

### III. Discussion

This court has denied motions for service by publication on the basis of an insufficient showing of due diligence when a moving party failed to show that it had taken "even simple steps . . . such as contacting the defendant's former landlord, the defendant's brother or his brother's guardian, or engaging a private investigator" and had failed to specify "what 'internet searches' it undertook or what 'acquaintances' it contacted and when." *Camden Nat'l Bank v. Reid*, No. 2:13-cv-376-DBH, 2014 WL 1320944, at *2 (D. Me. March 28, 2014); *see also Chase v. Merson*, No. 2:18-cv-00165-NT, 2018 U.S. Dist. LEXIS 144109, at *12-13 (D. Me. Aug. 24, 2018) (motion denied, in part, because "leads were left unexplored" when defendant's name was observed on a mailbox at his potential address, yet, after three visits over the course of six days, "no additional attempts were apparently made to confirm" whether the property was his residence); *MATSCO v.*

4

*Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 162 (D. Me. 2009) (motion denied when "[a] number of avenues [did] not appear to have been exhausted[,]" such as contacting utility companies and querying whether any forwarding address had been left with the Postal Service).

Here, as well, I conclude that U.S. Bank Trust has not sufficiently exhausted available avenues to locate Plummer. Although U.S. Bank Trust attempted to serve Plummer at several potential addresses, contracted a private investigator, attempted to contact relatives, and conducted various electronic searches, it left a seemingly important lead unexplored when, after discovering that Wilcox Hospital in Lihue, Hawaii, might be Plummer's current or former employer, it made no further effort to locate him. On the showing made, it appears that neither U.S. Bank Trust nor the private investigator contacted Wilcox Hospital to inquire whether Plummer worked there or whether the Hospital otherwise had useful information.[1]

This shortfall in due diligence arguably is more glaring than one of the deficiencies noted by the Law Court in *Gaeth*, in which, although both parties were students at Colby College when the incident giving rise to the action took place, it was unclear whether the plaintiff had "fully utilized information available at the college in an attempt to locate" the defendant. *Gaeth*, 2009 ME 9, ¶ 30, 964 A.2d at 630.

Moreover, although the private investigator telephoned the probate court of Kauai County to determine whether a probate filing concerning Plummer had been entered into its system, *see* Brophy Aff. ¶ 4(e), it is unclear from the affidavits filed in support of the Motion whether any

---

[1] If U.S. Bank Trust has undertaken further searches or steps to ascertain Plummer's whereabouts in the Lihue, Hawaii, region in light of his potential employment at Wilcox Hospital, it has not specified as much in its affidavit, stating only that "[n]o additional recent addresses could be found for the Defendant" and that service has been unable to be perfected "[a]fter diligent search." Affidavit ¶¶ 18-19. While U.S. Bank Trust asserts that service by publication in a newspaper "with general circulation in Lihue, Hawaii[,] appears to be the best way to notify the defendant of the Complaint, where, as here, he . . . appears to live and work in Hawaii[,]" *id*. ¶ 20, that serves only to underscore the need to exhaust this avenue.

5

other searches were undertaken for information publicly available in the Lihue, Hawaii, region – another seemingly unexplored avenue that, consistent with *Gaeth*, courts in other jurisdictions have held should have been pursued, *see, e.g., Prudential Ins. Co. of Am. v. Holladay*, Civil Action No. 075471 (FSH) 2008 WL 1925293, at *3 (D.N.J. Apr. 30, 2008) (plaintiff's efforts to locate defendant insufficient when, *inter alia*, plaintiff did "not indicate whether or not it reviewed publicly available data bases, tax records, voting rolls, criminal history records, credit records, telephone directories, divorce records, or death records"); *Cooper v. Commonwealth Title of Ariz.*, 489 P.2d 1262, 1266 (Ariz. Ct. App. 1971) (plaintiff's efforts to locate defendants insufficient when, *inter alia*, plaintiff's affidavits "failed to indicate whether telephone listings, county voting lists, county assessor's records, utility companies, . . . or even the city directory were checked").

Mindful that service by publication is a "last resort" to be used only when a party "has exhausted other means more likely to achieve notice[,]" *Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628, I conclude that U.S. Bank Trust's showing falls short absent any attempt to contact Plummer's potential employer in the area in which its efforts thus far indicate that he lives and, if that attempt does not yield fruit, search publicly available databases in the Lihue, Hawaii, region, s*ee, e.g., Philips v. Johnson*, 2003 ME 127, ¶ 27 n.12, 834 A.2d 938, 946 ("When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." (citation and internal quotation marks omitted)).

While there are no "ironclad prerequisites in an immutable list of steps to be undertaken[,]" *MATSCO*, 597 F. Supp. 2d. at 162, U.S. Bank Trust has not made a sufficient showing of due diligence in attempting to locate Plummer to warrant the grant of its motion. Beyond that, U.S. Bank Trust did not provide a draft order as required by Maine Rule of Civil Procedure 4(g).

Should U.S. Bank Trust desire to renew this motion, it should attach the above-referenced draft order as well as an updated affidavit of counsel recounting its further search efforts, consistent with this decision.

## IV.  Conclusion

For the foregoing reasons, the motion is **DENIED** without prejudice.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 16th day of February, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge